THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MARIANO RIVERA MUÑOZ, Defendant and Appellant.

Nos. 7882, 7883 and 7884. Argued December 5, 1939.—Decided December 20, 1939.

R. Hernández Matos, for appellant. R. A. Gómez, Prosecuting Attorney, and Luis Janer, Assistant Prosecuting Attorney, for The People, appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Mariano Rivera Muñoz, a truck driver, appeals from judgments of conviction in three cases which were tried as one. All three cases revolved around the fact that the truck had struck and injured a pedestrian.

The complaint in case number 7882 specified the truck driver's failure to stop and give his name and license number to the pedestrian or to any policeman or other person interested, and his failure to take the injured individual to a hospital or to his residence, in violation of Section 12, subdivision (b) of the Automobile Law (Laws of Puerto Rico 1916, 140, 147). The complaint in case number 7883 specified a violation of subdivisions (a) and (d) of Section 12, in that defendant failed to sound a horn or other signalling device or to take reasonable precautions to insure the safety of persons on the highway before reaching the scene of the accident, which occurred on a curve. The complaint in case number 7884 charged an aggravated assault.

By the terms of Section 6, subdivision 9 of an act approved March 10, 1904 (Penal Code, 1937 ed., p. 154) an assault and battery becomes aggravated "when committed with premeditated design, and by the use of means calculated to inflict great bodily injury". We agree with counsel for appellant and with the *fiscal* of this court that the conduct of the truck driver was not so wanton and reckless as to justify an inference of "premeditated design". We also think that the evidence was insufficient to sustain a conviction in case number 7882. The pedestrian was struck by the front end or right hand corner of the truck body after the cab had passed the place where he stood on the highway. The driver was seated in the cab on the opposite side of the truck. The evidence furnishes no satisfactory basis for a conclusion that he was aware of the accident before his arrest several hours later.

For reasons which need not be stated here, we are also inclined to agree with counsel for appellant that the evidence

in case number 7883 was insufficient to justify a conviction on the theory that defendant failed to sound his horn before rounding the curve. Defendant, while on the stand, admitted, however, that just before reaching the scene of the accident he saw two persons, one of whom he afterward learned, was struck by the body of the truck. The wheels of the truck were on the macadamized portion of the highway ordinarily used by motor vehicles. A part of the body extended beyond this macadamized portion over a path or part of the highway between the macadamized portion thereof and a drainage ditch. This path or portion of the highway between the macadamized portion thereof and the drainage ditch was used by pedestrians. One of the two pedestrians saw the truck and escaped injury by jumping into the ditch. The failure of the truck driver to sound any warning immediately before the accident or to draw somewhat to the left in order to avoid striking the pedestrians or forcing them into the ditch was enough, we think, to warrant a conviction in case number 7883.

The judgment in case number 7883 will be affirmed. In each of the other cases, numbers 7882 and 7884, the judgment must be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case.